**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 26, 2014

LETTER TO COUNSEL

      RE:    Joy F. Whyte v. Commissioner, Social Security Administration
             Civil No. SAG-13-2926

Dear Counsel:

      On October 4, 2013, Plaintiff, Joy F. Whyte, petitioned this Court to review the Social Security Administration's final decision denying her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross motions for summary judgment. (ECF Nos. 17, 21). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, vacate the opinion of the Administrative Law Judge, and remand the case for further consideration. This letter explains my rationale.

      Ms. Whyte filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on October 15, 2009. (Tr. 184-94). She alleged a disability onset date of July 1, 2009.[1] (Tr. 188). Her claim was denied initially and on reconsideration. (Tr. 119-27, 129-32). A hearing was held on May 8, 2012 before an Administrative Law Judge ("ALJ"), at which Ms. Whyte was assisted by a non-attorney representative. (Tr. 77-108). Following the hearing, the ALJ determined that Ms. Whyte was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 70-71). The Appeals Council denied Ms. Whyte's request for review, (Tr. 1-9), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Whyte suffered from the severe impairments of depression and degenerative disc disease or arthritis. (Tr. 57). However, the ALJ concluded that Ms. Whyte did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment that would merit a finding of presumptive disability. (Tr. 59). Moreover, despite these impairments, the ALJ determined that Ms. Whyte retained the residual functional capacity ("RFC") to:

---

[1] Ms. Whyte's Motion for Summary Judgment states that her alleged disability onset date was July 1, 2002. However, as the Commissioner's Motion for Summary Judgment states, and as is reflected by the record, Ms. Whyte's application alleged that her disability onset date was July 1, 2009.

Joy Whyte v. Commissioner, Social Security Administration
Civil No. SAG-13-2926
September 26, 2014
Page 2

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except due to depression with bipolar component, degenerative disc disease, HBP, and asthmatic condition all somewhat relieved by medication with no significant side effects, some stomach and memory problems, and moderately limited in ADLS, drives, cooks, cleans, and moderately limited in ability to interact socially or to maintain concentration persistence and pace, with possibly one or two episodes of decompensation, as a result needs simple, routine, unskilled jobs, SVP 1 or 2 in nature, low stress jobs, requiring low concentration, low memory jobs, amplified to mean one or two step tasks, no production rate or pace work, little or no decision making or judgment, little interaction with public or supervisors, dealing with things rather than people, able however,to have occasional conversation and interaction, stand 30 minutes to an hour and sit for 30 minutes to an hour on an alternate basis or at will, subject to customary breaks during an 8 hour work day, and needs to avoid heights and hazardous machinery, temperature and humidity extremes, stair climbing, ropes, scaffolds, ladders, and like devices, with jobs that avoid odors gasses and fumes due to her asthmatic condition, that would allow ready occasional access to a bathroom.

(Tr. 67).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Whyte could perform jobs existing in significant numbers in the national economy and that she was thus not disabled.  (Tr. 70-71).

Ms. Whyte raises four primary arguments on appeal:  (1) that at step three of the evaluation process, the ALJ should have concluded that her psychiatric impairments met a listing; (2) that the ALJ's conclusion regarding her ability to adjust to other work was improper because it was based on a finding that she could perform light work, which conflicted with the ALJ's determinations concerning her physical limitations; (3) that the hypothetical posed by the ALJ to the VE did not properly reflect her physical and psychiatric limitations; and (4) that the Appeals Council failed to consider new and material evidence.  While many of Ms. Whyte's arguments lack merit, I concur that the ALJ provided inadequate analysis regarding Ms. Whyte's mental impairments.  Accordingly, I remand for further analysis of the record.  In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Whyte is not entitled to benefits was correct or incorrect.

Beginning with the unsuccessful arguments, Ms. Whyte contends that the ALJ should have determined that she was limited to sedentary, rather than light, unskilled work in his consideration of the Medical-Vocational Rules set forth in 20 C.F.R. Part 404, Subpart P, Appendix 2.  Specifically, Ms. Whyte argues that the ALJ's finding that she would need to "stand 30 minutes [sic] to an hour and sit for 30 minutes to an hour on an alternate basis or at will," stands in direct conflict with his conclusion that she retained the RFC to perform light work. Pl. Mot. 4.  Accordingly, Plaintiff argues that the ALJ should have concluded that she retained the RFC to perform only sedentary work, which she claims would have led to a finding that she was disabled under the rules.

Social Security regulations make clear that, because the Medical-Vocational Rules ("the Grids") "do not cover all possible variations of factors," they should not be applied if "one of the findings of fact about the person's vocational factors and [RFC] is not the same as the corresponding criterion of a rule." 20 C.F.R. § 1569; *see also* § 416.969. Social Security Ruling 83-10 is a policy statement explaining how the Grids should be employed when determining whether a claimant is capable of adjusting to other work. The statement explains that the Grids apply where the RFC assessment "establishes the presence of an occupational base that is limited to and includes a full range (*all or substantially all*) of the unskilled occupations existing at the exertional level in question."  SSR 83-10 at *3 (emphasis added); *see also* 20 C.F.R. §§ 404.1567(b); 416.967(b) (defining the full or wide range of light work).  The ALJ's determination that Ms. Whyte was only able to perform light work with substantial exceptions thus meant that the ALJ should not have relied on the Grids in deciding whether Ms. Whyte could adjust to other work.  Rather, due to the complexity of Ms. Whyte's particular limitations, the ALJ appropriately consulted a VE, who provided substantial evidence supporting the ALJ's conclusion that Ms. Whyte could adjust to other work in the national economy.

Ms. Whyte however, claims that the ALJ erred in relying on the VE's testimony that she could make an adjustment to other work in the national economy.  She contends that the hypothetical posed to the VE inadequately described her need for bathroom breaks.  Pl. Mot. 6. In his RFC assessment, however, the ALJ determined that Ms. Whyte would require, among other things, "ready occasional access to a bathroom."  (Tr. 67).  The hypothetical posed to the VE included a requirement of occasional access to a bathroom.  (Tr. 103).  Ms. Whyte's claim that the hypothetical did not accurately discuss her bathroom needs is thus without merit. Moreover, although a requirement of occasional access is arguably inconsistent with Ms. Whyte's own testimony regarding her bathroom needs (Tr. 85-87), she does not claim that the ALJ improperly discounted her credibility as to those needs, and he was well within his authority if he did so.  Moreover, the hypothetical the ALJ posed to the VE thoroughly described any departure from the standard definition of "light work" required by Ms. Whyte's particular limitations.  Accordingly, I find no error in the ALJ's reliance on the opinion of the VE.

However, I find that the ALJ provided inadequate analysis of Ms. Whyte's mental impairments, which potentially affects both the listing analysis and the RFC assessment. Although the records reflect that Ms. Whyte's psychiatric symptoms worsened over time, the ALJ discounted the opinions of Ms. Whyte's later treating physicians several times throughout his analysis, simply because they were inconsistent with the assessments of her earlier treating physicians.  For example, Dr. Riddell treated Ms. Whyte approximately once per month from March, 2011 through February, 2012.  (Tr. 795-832).  Dr. Riddell consistently diagnosed Ms. Whyte with bipolar disorder and rated her Global Assessment of Functioning at between 40 and 45, which indicates serious symptoms or impairments in social functioning.  However, the ALJ gave little weight to Dr. Riddell's evaluations because they were "not consistent with the level of impairment described in previous treatment records."  (Tr. 65). Aside from noting that GAF assessments are highly subjective appraisals, the ALJ offered no other explanation for why he discounted Dr. Riddell's evaluations, nor did he offer any contemporaneous evaluations from

other physicians contradicting those of Dr. Riddell. Discounting medical opinions due to temporal inconsistencies alone ignores the reality that symptoms can change over time.

Moreover, the ALJ failed to support his decision to discount the assessments of Ms. Whyte's later treating psychiatrists with other evidence from the record. If the ALJ determined that any of Ms. Whyte's treating psychiatrists' opinions did not merit controlling weight, he should have determined their appropriate weight based on the factors set forth in 20 C.F.R. §§ 404.1527(c) and 146.927(c), including the length, nature, and extent of the treatment relationship, the supportability and consistency of the findings, the level of the physician's specialization, and any other factors bearing on the issue. The ALJ's opinion is devoid of any consideration of these factors. Moreover, the ALJ engaged in only a cursory analysis of Ms. Whyte's limitations in the four broad functional areas, consisting of one to two sentences each. (Tr. 66); *see* 20 C.F.R. §§ 404.1520a, 416.920a; *Robbers v. Comm'r of the Soc. Sec. Admin.*, 582 F.3d 647, 652-54 (6th Cir. 2009). The ALJ's conclusion that Ms. Whyte's limitations were moderate is thus not supported by substantial evidence. Accordingly, remand is necessary for the ALJ to fully evaluate Ms. Whyte's mental impairments during the relevant period of time.

Ms. Whyte also claims that the Appeals Council failed to consider new and material evidence. The Notice of Appeals Council Action stated that before finding no reason to review the ALJ's decision, the Appeals Council considered whether the additional evidence Ms. Whyte submitted with her request made review appropriate. (Tr. 1). The Notice also explained that the medical evidence pertaining to Ms. Whyte's condition subsequent to the ALJ's May 23, 2012 decision did "not affect the decision about whether [she] was disabled beginning on or before [that date]." *See* 20 C.F.R. § 404.976(b) ("The Appeals Council will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision.")

However, the report of Dr. Williams constitutes new and material evidence. The report is based on tests that were conducted within weeks of the ALJ's determination, and the tests were conducted close enough to the cutoff date that they should have been considered, especially since there is no indication that any intervening event impacted Ms. Whyte's mental state. In combination with the ALJ's failure to adequately assess Ms. Whyte's mental impairments, the failure of the Appeals Council to review the ALJ's decision in light of this new and material evidence further merits remand.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 17, 21) will be DENIED. The opinion of the Administrative Law Judge is VACATED and the case is REMANDED to the Commissioner for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

<u>Joy Whyte v. Commissioner, Social Security Administration</u>
Civil No. SAG-13-2926
September 26, 2014
Page 5

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                Sincerely yours,

                /s/

                Stephanie A. Gallagher
                United States Magistrate Judge